UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BROOKE ASHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:22-cv-3 |
| | ) |
| CARPE DEUM LLC, d/b/a | ) |
| IGA OF VEVAY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Brooke Asher ("Asher"), by counsel, against Defendant, Carpe Deum, LLC d/b/a IGA of Vevay, ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

### II. PARTIES

2. Asher is a resident of the United States and the State of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined 42 U.S.C. §2000e(b).

6. At all times relevant to this action, Asher was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Asher exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Asher, who is a female that was under the age of 18 at that time, was hired by the Defendant in or about September 2020 and worked as a Cashier.

10. At all times relevant, Asher met or exceeded Defendant's legitimate performance expectations.

11. Defendant's owner is Eric Rabe ("Rabe").

12. During her employment, Asher was subjected to continued and increasing harassment from the Meat Department Supervisor, Travis Gover ("Gover"). Gover, as the Meat Department Manager, would cover the store as the manager when other managers were absent – thus, he had control over Asher's work duties and was her supervisor.

13. Gover's harassment was severe and pervasive and created a hostile work environment for Asher. Gover left Asher notes expressing his desire to date her, he told her often he had feeling for her; and he would stay late after his own shift ended so that he could approach Asher in the parking lot when her shift began. Asher made it clear that his advances were unwelcome and instructed Gover to leave her alone; despite this, the harassment continued.

14. Gover called Asher nightly to talk to her, telling her how he wished he was lying next to her. Gover required her to attend meeting in his department and also made sexually inappropriate remarks to Asher, including telling her she had the nicest butt and body in the store. Gover also routinely gave Asher unwanted hugs and his harassment advanced to touching Asher – he put his arm around Asher's shoulders, would hit Asher with a piece of cardboard on her butt, and brushed up against her breasts and butt several times.

15. Gover continued to ask out Asher but she continually made it clear she would not go out with him.

16. On or about December 22, 2020, Asher's mother, Patricia Padgett ("Padgett"), found one of Gover's inappropriate notes and after discussing the harassment with her daughter, she called Rabe to discuss the situation. Rabe assured her it would be taken care of and that the two would not work on the same shift. Upon information and belief, Rabe did not issue any discipline to Gover. Gover continued in his harassment of Asher by again staying over for his shifts to see her and approaching

her in the parking lot. Asher engaged in a protected activity and herself reported his harassment to Rabe and again, nothing was done.

17. Gover's conduct continued and on January 20, 2021, Gover followed Asher to the gas station near Defendant's location. Asher instructed him to leave her alone but he refused and attempted to get in Asher's car. Asher and her family called the Sheriff's Department and that day had a temporary protective order issued and served on Gover.

18. Asher was scheduled to work the evening of January 20, 2021 and her mother had arranged to meet with Rabe around 2:00pm to discuss the situation. Rabe attempted to avoid the meeting with Asher's mother and was dismissive. The Sheriff was again called. Because of Gover's extensive harassment and because of Rabe's refusal to do anything to rectify the situation, Asher, through her mother, resigned her employment and was constructively discharged.

19. Upon information and belief, Gover remains employed by the Defendant. Further, upon information and belief, other females have similarly been harassed by Gover and nothing was done by Defendant.

## V. LEGAL ALLEGATIONS

### COUNT I – SEXUAL HARASSMENT

19. Paragraphs one (1) through nineteen (19) of Asher's Complaint are hereby incorporated.

20. Defendant violated Asher's rights and discriminated against her based on her sex by subjecting her to a hostile work environment, sexual harassment, failing to remediate claims of sexual harassment, and constructively discharging her.

21. Defendant's actions were intentional, willful and in reckless disregard of Asher's rights as protected by Title VII.

22. Asher has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II – RETALIATION

23. Paragraphs one (1) through twenty-two (22) of Asher's Complaint are hereby incorporated.

24. Defendant violated Asher's rights by retaliating against her for engaging in a protected activity.

25. Defendant's actions were intentional, willful and in reckless disregard of Asher's rights as protected by Title VII.

26. Asher has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Brooke Asher, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

                        Respectfully submitted

                        /s/ Lauren E. Berger
                        Lauren E. Berger, Atty. No. 29826-19
                        BIESECKER DUTKANYCH & MACER, LLC
                        411 Main Street
                        Evansville, IN 47708
                        Telephone:  (812) 424-1000
                        Facsimile:   (812) 424-1005
                        Email:         lberger@bdlegal.com

*Attorneys for Plaintiff, Brooke Asher*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Brooke Asher, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

        Respectfully submitted,

        /s/ Lauren E. Berger
        Lauren E. Berger, Atty. No. 29826-19
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, IN 47708
        Telephone:  (812) 424-1000
        Facsimile:   (812) 424-1005
        Email:        lberger@bdlegal.com

*Attorneys for Plaintiff, Brooke Asher*